# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6841 | **DATE** | 12/8/2010 |
| **CASE TITLE** | USA vs. Moshoodi Emiola Ajijola (#18999-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the relief sought pursuant to Section 2255 is an extraordinary remedy and Defendant has not shown that the instant motion should be granted. Based upon the foregoing, and the record before us, Defendant is not entitled to the relief sought in the instant motion, and therefore we dismiss the instant action and direct the Clerk of Court to notify Defendant of this dismissal. All pending motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Moshoodi Emiola Ajijola's (Ajijola) *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255). Ajijola was tried before a jury in case number 06 CR 682 and was found guilty on both Counts on which he was tried. Ajijola appealed his conviction and on October 21, 2009, his conviction was affirmed by the Seventh Circuit (No. 08-3186). Ajijola now moves to have his sentence vacated pursuant to Section 2255.

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The relief sought in a Section 2255 Motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the

clerk to notify the moving party." *Id.*

In the instant motion, Ajijola argues that the court erred in failing to appoint a substitute counsel and that his trial and appellate counsel were ineffective. Ajijola argues that he had irreconcilable differences and lack of communication with his trial counsel and that there were general conflicts between Ajijola and his trial counsel. Ajijola contends that the court should have granted his request for substitute counsel.

Ajijola also argues that his trial counsel was ineffective, because, according to Ajijola his trial counsel: (1) failed to obtain a speedy trial over Ajijola's objection, (2) failed to present certain exculpatory testimony, (3) failed to adequately provide Ajijola with discovery or allow Ajijola to adequately participate in his defense and confront adverse witnesses, (4) forbid Ajijola from testifying in his own defense, and (5) improperly permitted post-arrest statements to be introduced at trial. Finally, Ajijola contends that his appellate counsel was ineffective for permitting the introduction of certain transcripts during the appellate proceedings.

I. Speedy Trial

Ajijola argues that his trial counsel was ineffective because, according to Ajijola, over his objection, he was denied a speedy trial. Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, "a federal criminal defendant [must] be brought to trial within 70 days of the filing of the indictment." *United States v. Gearhart*, 576 F.3d 459, 462 (7th Cir. 2009). A plaintiff can also bring a constitutional-based claim that is premised on the denial of a speedy trial. *Id.* (indicating that the court should consider: "(1) whether the delay was uncommonly long, (2) whether the government or the defendant is more to blame for the delay, (3) whether the defendant asserted his right to a speedy trial in due course, and (4) whether the defendant suffered prejudice as a result of the delay").

In the instant action, the record indicates that the court and Ajijola's trial counsel made every effort to expedite the scheduling of Ajijola's trial and that any delay in the start of the trial was due, in part, to Ajijola's own actions. Ajijola was originally indicted on November 7, 2006, and he was appointed counsel. On May 2, 2007, Ajijola's first appointed counsel was permitted to withdraw due to a potential conflict, and we appointed Ajijola new counsel. The trial date was originally set for May 9, 2007, but was reset at the

requests of Ajijola's co-Defendants, who the court was obligated to give equal consideration to in setting the date for a joint trial.

On November 15, 2007, this court denied Ajijola's request that his counsel withdraw. Ajijola had expressed a desire to have his counsel substituted with a retained counsel, indicating that his family would retain counsel for him. Based upon Ajijola's repeated requests that his trial commence as soon as possible, the court advised Ajijola that if Ajijola retained counsel and his counsel filed an appearance and indicated to the court that counsel would be ready to go to trial as scheduled on January 28, 2008, the court would entertain such a request. Ajijola never retained counsel. Ajijola's appointed counsel expressed Ajijola's desire to have his trial as soon as possible and the court scheduled his trial to begin on January 28, 2008.

On the morning of January 28, 2008, Ajijola indicated that he desired to change his plea to a plea of guilty on one of the counts based on an agreement with the Government and that the Government would then move to dismiss the second count. The court held a plea hearing and gave Ajijola his advisals, and near the end of the change of plea hearing the court asked Ajijola to state in his own words as to what he did relating to the charge that he was intending to plead guilty to. Ajijola would not admit to any wrongful conduct relating to the charge he was pleading guilty to, other than merely stating that all he did relating to the charge against him is that he gave the key of his house to a friend. The court gave an opportunity to Ajijola to consult with his counsel and after consultation, once again, Ajijola would not admit to any wrongful conduct relating to the charge he was pleading guilty to, other than once again stating that he gave his house key to a friend. The court then stated that it was not a crime to give a house key to a friend and that the trial would proceed as scheduled since Ajijola was not admitting that he committed the crime that he was intending to plead guilty to.

Ajijola contends that during consultation with counsel relating to his statement as to his plea, he did not utilize the services of the interpreter. An interpreter was utilized throughout the criminal proceedings, and such interpreter was available standing next to Ajijola when the court paused to give an opportunity for Ajijola to consult with his counsel. We also note that even though an interpreter was available, Ajijola appeared to clearly understand English and often attempted to make statements to the court in the English language. In any event, when the court addressed Ajijola throughout the proceedings, including the plea

| STATEMENT |
|---|

colloquy, the court utilized the interpreter and received the statements of Ajijola through the interpreter. Ajijola clearly understood the court's question through the interpreter as to the facts that Ajijola would admit to in pleading guilty and Ajijola for the second time responded through the interpreter that the only thing he did relating to the charge he was pleading guilty to is that he gave the key to his house to a friend. Therefore, Ajijola was not deprived of the ability to enter a guilty plea. We further note that Ajijola raised arguments on appeal about his ability to plead guilty and the Seventh Circuit indicated that this court did not abuse its discretion in rejecting Ajijola's attempted plea, based on his statement to the court.

When the trial commenced, Ajijola once again indicated that he had changed his mind again and wished to plead guilty. The Government at this point indicated that, based upon Ajijola's earlier statements refusing to admit to the crime that he was intending to plead guilty to, it would withdraw its plea offer, and the court proceeded with the trial. Thus, based on the above, Ajijola has not shown that he was denied a speedy trial or that his counsel was not diligent in ensuring that Ajijola received a speedy trial. Nor has Ajijola shown that he suffered any prejudice from any delay in the commencement of his trial. The court, in fact, promptly scheduled a trial in order to accommodate Ajijola's desire for a speedy trial.

II. Presentation of Exculpatory Testimony, Discovery, and Participation in Defense

Ajijola also contends that his trial counsel failed to present certain exculpatory testimony, failed to adequately provide Ajijola with discovery, and failed to allow him to adequately participate in his defense and confront adverse witnesses. Ajijola contends that his trial counsel should have presented certain exculpatory testimony by his co-Defendants and should have located other witnesses that could provide exculpatory testimony. In regard to the decision to contact potential witnesses and the decision of what witnesses to present at trial, such decisions are generally within the professional discretion of counsel. *See, e.g., Strickland v. Washington,* 466 U.S. 668, 688-93 (1984). The court, in fact, appointed an investigator to assist Ajijola in the location of exculpatory witnesses, but Ajijola's counsel indicated that efforts to locate such witnesses were unsuccessful. There is no indication that any decisions by Ajijola's trial counsel concerning exculpatory testimony were beyond the scope of competent professional conduct.

In regard to the need to provide Ajijola with discovery in his case, Ajijola fails to indicate any facts

| | |
|---|---|
| | **STATEMENT** |

relating to his counsel's failure to provide Ajijola any discovery material other than his conclusory allegations. Further Ajijola's trial counsel was not under an obligation to share every piece of discovery material with the client. *See Gaughan v. United States*, 2006 WL 2798155, at *13 (N.D. Ind. 2006)(indicating that a counsel is not required to provide his client with discovery materials). Ajijola has not shown that his defense was inhibited by the deprivation of any significant piece of discovery. Nor has Ajijola shown that he was denied adequate participation in his defense.

We also note that, after the point where Ajijola claims that his counsel failed to provide Ajijola with discovery or to adequately participate in his defense, Ajijola indicated in open court his satisfaction with his trial counsel. (1/28/08 HR 20). During the change of plea hearing colloquy in the morning of the start of Ajijola's trial on January 28, 2008, Ajijola under oath was asked by the court the following questions and he gave the following answers:

| | |
|---|---|
| The Court: | There is a lawyer standing next to the interpreter to your left. Is he your lawyer? |
| The Defendant: | Yes, your Honor. |
| The Court: | Did you have enough time to talk to your lawyer and discuss this case? |
| The Defendant: | Yes, your Honor. |
| The Court: | Are you satisfied with attorney Tom Leinenweber? |
| The Defendant: | Yes. He's all right, your Honor. |

(1/28/08 HR 20). In addition, we note that Ajijola's trial counsel did an outstanding job representing Ajijola at trial and that the court thanked him for his professionalism at the end of the trial.

Ajijola also contends that his trial counsel expressly forbid him from testifying in his defense at trial. However, at trial Ajijola was questioned under oath about his decision not to testify and Ajijola stated that it was his decision not to testify and that the decision was being made freely and voluntarily. *See, e.g., United States v. Pineda-Buenaventura*, 622 F.3d 761, 770-71 (7th Cir. 2010). Ajijola has not pointed to sufficient evidence that would show that his statements made under oath at trial were other than voluntary. Ajijola is not entitled to change the facts relating to his decision not to testify simply because he is dissatisfied with the jury verdict of guilty. Thus, Ajijola has not shown that his counsel failed to present exculpatory testimony,

| STATEMENT |
|---|

failed to provide Ajijola with sufficient discovery materials, or failed to allow Ajijola to adequately participate in his defense.

III.  Admission of Post-Arrest Statements

Ajijola contends that his trial counsel was ineffective for permitting post-arrest statements to be referenced at trial. Ajijola contends that he was not given *Miranda* warnings and that the statements were coerced. However, Ajijola has not shown that any post-arrest statements were improperly introduced at trial and has not shown that his trial counsel was ineffective in regard to any such post-arrest statements.

IV.  Appellate Counsel

Ajijola argues that his appellate counsel was ineffective because transcripts were presented for appellate review from Ajijola's change of plea hearing. Ajijola contends that such transcripts are inaccurate and do not reflect what was actually said at the change of plea hearing. However, Ajijola has not provided any credible evidence to show that the transcripts of his change of plea hearing are inaccurate in any way.

Thus, Ajijola has not produced sufficient evidence to show that his trial counsel or appellate counsel were ineffective. Nor has Ajijola shown that the court erred in declining to appoint Ajijola substitute trial counsel. As indicated above, the relief sought pursuant to Section 2255 is an extraordinary remedy and Ajijola has not shown that the instant motion should be granted. Based upon the foregoing, and the record before us, Ajijola is not entitled to the relief sought in the instant motion, and therefore we dismiss the instant action and direct the Clerk of Court to notify Ajijola of this dismissal.