Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6841 | **DATE** | 1/27/2011 |
| **CASE TITLE** | USA vs. Moshoodi Emiola Ajijola (#18999-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Defendant's motion for certificate of appealability [7] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Moshoodi Emiola Ajijola's (Ajijola) request for a certificate of appealability. Ajijola was tried before a jury in case number 06 CR 682 and was found guilty on both Counts on which he was tried. Ajijola appealed his conviction and on October 21, 2009, his conviction was affirmed by the Seventh Circuit (No. 08-3186). Ajijola then brought a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255), and on December 8, 2010, we dismissed the motion. Ajijola now requests a certificate of appealability.

Pursuant to 28 U.S.C. § 2253(c), if a court denies a petition for writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2255 and the petitioner wishes to appeal, thereby challenging the decision made by district court, the petitioner must first attempt to obtain a certificate of appealability from the district court. 28 U.S.C. § 2253(c). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v.*

| STATEMENT |
|---|

*Estelle*, 463 U.S. 880, 893 (1983)).

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The relief sought in a Section 2255 Motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). As we indicated in our prior ruling, Ajijola had not shown that the court erred in his criminal case or shown that his Section 2255 motion had any merit.

Ajijola contends the court erred by ruling on the Section 2255 motion before the Government filed a responsive pleading. However, as we explained in our prior ruling, Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* (Rule 4(b)) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.* Thus, pursuant to Rule 4(b), the court properly dismissed Ajijola's Section 2255 motion prior to the filing of a responsive pleading by the Government. Ajijola has not shown that the court should have sought additional filings from the Government, since the Section 2255 motion was clearly without any merit.

Ajijola also argues that the court erred in not permitting Ajijola to amend or supplement his claims. However, prior to the court's ruling on the Section 2255 motion, the court did not make any ruling barring Ajijola from presenting additional materials to the court. The record does not reflect that Ajijola ever filed a motion seeking to file additional materials. Thus, Ajijola has not made a substantial showing of the denial of a constitutional right. Nor has he shown that reasonable jurists could debate whether the Section 2255 motion should have been resolved in a different manner or that there are issues presented by him that deserve encouragement to proceed further. Therefore, we deny the request for a certificate of appealability.